FILED

JUN 23 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

**1:25 CV 01296**

| | |
|---|---|
| JOHN DOE ) | |
| Plaintiff ) | |
| v. ) | Case No.: [To Be Assigned] |
| DAVID YOST, in his official capacity as Ohio Attorney General ) | **JUDGE FLEMING** |
| Defendant ) | |

## PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

## AND PRELIMINARY INJUNCTION

1. Plaintiff, John Doe, appearing pro se, pursuant to Federal Rule of Civil Procedure 65, respectfully moves this Court for a Temporary Restraining Order (TRO) and a Preliminary Injunction to enjoin Defendants and their agents from enforcing the requirements of Ohio's Sex Offender Registry statutes against him pending the final resolution of this case.

2. This immediate relief is necessary to prevent the imminent and irreparable harm of Plaintiff being rendered homeless. The sole basis for this threat is Plaintiff's registration status, which is the subject of a pending eviction action in the Cleveland Housing Court with a trial scheduled for July 1, 2025. The 3-day eviction notice is attached as Exhibit 1 to Plaintiff's Petition. The state court docket is attached as Exhibit 2.

3. Plaintiff has been diligently defending this action in state court. As shown on the docket (Exhibit 2), Plaintiff has filed a comprehensive Answer with Counterclaim and a Motion to Dismiss, arguing that the eviction is unlawful because the lease provision at its core violates the plain language of Ohio statutes,

specifically ORC 5321.051 and the anti-waiver provision of ORC 5321.13. These dispositive motions have not yet been ruled upon, and an order of eviction may be issued before they are decided.

4. When considering a motion for a preliminary injunction, this Court must balance four factors: **(A)** whether the movant has a strong likelihood of success on the merits; **(B)** whether the movant would suffer irreparable injury without the injunction; **(C)** whether issuance of the injunction would cause substantial harm to others; and **(D)** whether the public interest would be served by issuance of the injunction. See *ACLU of Ky. V. McCreary County, Ky., 354 F.3d 438, 445 (6th Cir. 2003)*. As shown below, all four factors weigh decisively in Plaintiff's favor.

## ARGUMENT

**A. Plaintiff Has a Strong Likelihood of Success on the Merits.**

5. As detailed in Plaintiff's verified Petition, his constitutional claims are substantial. Ohio's statutory scheme, as applied to Plaintiff, is overbroad, violates the Ex Post Facto clause, denies him Due Process, and constitutes excessive punishment. These arguments are supported by controlling case law, giving Plaintiff a strong likelihood of prevailing on the merits.

**B. Plaintiff Will Suffer Immediate and Irreparable Harm Absent an Injunction.**

6. The harm to Plaintiff is not speculative, it is concrete and imminent. The eviction trial on July 1, 2025 (Exhibit 2) threatens the loss of his long-term, stable housing. This constitutes classic irreparable harm, an injury that cannot be compensated with money damages. This motion is narrowly tailored to prevent this specific harm by asking the Court to enjoin the state officials from enforcing the unconstitutional classification that serves as the sole basis for the eviction.

**C. The Balance of Equities Tips Decisively in Plaintiff's Favor.**

7. The harm Plaintiff faces if the injunction is denied is definite and severe: imminent homelessness. Conversely, the harm to the State of Ohio if the injunction is granted is minimal. The injunction would merely require the state to temporarily pause enforcement of a likely unconstitutional statute against one person, a person with a documented record of rehabilitation who is actively pursuing his legal remedies in good faith in state court. The severe, certain harm to Plaintiff far outweighs the speculative, minimal harm to the State.

**D. Granting the Injunction is in the Public Interest.**

8. The public interest is not served by enforcing unconstitutional laws or by making a stable, employed citizen homeless. The public interest is best served by upholding constitutional rights and ensuring statutory schemes are applied rationally and fairly. Granting this injunction preserves the status quo while the Court considers the merits of this important case.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Issue an immediate Temporary Restraining Order enjoining Defendants from enforcing the Ohio Sex Offender Registry requirements against Plaintiff;

B. Set an expedited hearing for a Preliminary Injunction; and

C. After such hearing, grant a Preliminary Injunction to remain in effect for the duration of this litigation.

Respectfully Submitted,

_____         6-23-2025

John Doe        June 23, 2025

I HEREBY CERTIFY that this Petition for Declaratory and Injunctive relief has been furnished to the following to the best of my knowledge.

| | |
|---|---|
| Clerk of Court | David Yost, Ohio Attorney General |
| 801 West Superior Ave. | 30 E. Broad St., 14th Fl. |
| Cleveland, Ohio 44113 | Columbus, Ohio 43215 |

Exhibit 1: 3-Day Eviction Notice dated May 19, 2025      Exhibit 2: Housing Court Trial Docket