# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 1:25-CV-1296 |
| Plaintiff, | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| DAVID YOST, IN HIS OFFICIAL | ) | JENNIFER DOWDELL ARMSTRONG |
| CAPACITY AS OHIO ATTORNEY | ) | |
| GENERAL, | ) | |
| Defendant. | ) | **<u>ORDER</u>** |

## I.    INTRODUCTION

Plaintiff John Doe ("Plaintiff") filed his Complaint seeking declaratory and injunctive relief against David Yost, in his official capacity as Attorney General ("Defendant").  (ECF No. 1.)[1]  Plaintiff seeks a declaration that Ohio's sex offender registry statute, O.R.C. § 2950.01, *et seq.*, (the "Act") is unconstitutional as applied to him.  Currently before the Court is Plaintiff's motion for a temporary restraining order prohibiting Defendant from enforcing the Act against him.  (ECF No. 3).  For the reasons set forth below, Plaintiff's motion for a temporary restraining order is **DENIED**.

## II.    FACTUAL BACKGROUND

In 2013, Plaintiff was convicted of distributing child pornography in violation of 18 U.S.C. § 2252 and received a 10-year prison sentence.  (ECF No. 3).  Upon his release, Plaintiff was required to register as a Tier II sex offender under the Act.  *See* O.R.C. § 2950.01(F).  As a Tier II sex offender, Plaintiff is required to verify his residence and place of employment every 180 days

---

[1] Also pending before the Court are Plaintiff's Motion for Leave to Proceed Under a Pseudonym (ECF No. 2) and Motion to File Declaration under Seal (ECF No. 4). The Court will resolve these pending motions by separate order.

for 25 years, among other restrictions. O.R.C. § 2950.06(B)(2).

Plaintiff asserts that, since his release, he has built a stable life as a technician, that he has completed all treatment, and that he has been compliant with his supervision . (ECF No. 1, PageID # 1).  Plaintiff also states that he has secured a stable residence, and that his original landlords were aware of his status as a registered sex offender.  (*Id*. at PageID # 3).  However, Plaintiff states that, after the property was sold, he signed a new lease, which provided that registered sex offenders were prohibited on the premises.  (*Id*. at PageID # 2–3).  Plaintiff states that, upon learning that he was a registered sex offender, his landlord began eviction proceedings against him in Cleveland Housing Court, and that his case is scheduled for trial on July 1, 2025.  (*Id*. at PageID # 3; *see also* ECF No. 1-3).

### III.    PROCEDURAL HISTORY

On June 23, 2025, Plaintiff, acting *pro se*, filed a petition for declaratory and injunctive relief.  (ECF No. 1).  In his petition, Plaintiff alleges that the Act, as applied to him: (1) is overbroad, in violation of the Fourteenth Amendment to the United States Constitution; (2) violates the *ex post facto* clause of the U.S. Constitution, Article I, Section 10, Clause 1; (3) violates the due process clause of the Fourteenth Amendment and Article I, Section 16 of the Ohio Constitution; (4) constitutes cruel and unusual punishment in violation of the Eighth Amendment; (5) violates his right to privacy under the First and Ninth Amendments; (6) violates the equal protection clause of the Fourteenth Amendment; and (7) is void for vagueness.  Plaintiff seeks a declaration that O.R.C. § 2950.01(F) and the federal Sex Offender Registration and Notification Act, 34 U.S.C. § 20911, *et seq*., ("SORNA") are unconstitutional as applied to him, as well as an order immediately removing him from the Act's requirements.  Plaintiff also seeks an order permanently enjoining Defendant from enforcing the registration requirements of the Act against him, along with an award of fees and costs under 42 U.S.C. § 1988.

On June 23, 2025, Plaintiff filed a motion for a temporary restraining order and preliminary injunction, alleging that he will experience irreparable harm without an injunction because he faces imminent eviction from his residence solely as the result of his presence on Ohio's sex offender registry.  (ECF No. 3).  Plaintiff asks the Court to enter a temporary restraining order enjoining Defendant from enforcing the sex offender registration requirements against him.  Plaintiff also asks the Court to set an expedited hearing on his preliminary injunction motion and to enter a preliminary injunction at the conclusion of that hearing.

On June 25, 2025, Plaintiff filed a proof of service, attesting that he served Defendant by USPS overnight delivery on June 23, 2025.  (ECF No. 7).  To date, Defendant has not appeared and has not responded either to Plaintiff's petition or his motions for injunctive relief. However, the Court has reviewed Plaintiff's motion and determined that his request for a temporary restraining order is ripe for resolution without a hearing.

## IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 65(b) provides that a court may grant a temporary restraining order, with or without notice to the opposing party.  Fed. R. Civ. P. 65(b).  An injunction is an "extraordinary remedy" only available when the circumstances "clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  "The purpose of a TRO is to preserve the status quo until there is a determination on a request for a preliminary injunction."  *Nix v. Swarz*, No. 24-cv-01495, 2024 WL 5106708, at *1 (N.D. Ohio Feb. 13, 2024).

When considering a motion for injunctive relief under Rule 65, a court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by the

injunction.  *Flight Options, LLC v. Int'l Bhd. Of Teamsters, Local 1108*, 863 F.3d 529, 539–40 (6th Cir. 2017).  These factors should be balanced against each other but are "not prerequisites that must be met."  *In Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *see also Overstreet*, 305 F.3d at 573.  "The same standard generally applies to temporary restraining orders and preliminary injunctions." *Perry v. May*, No. 3:22 CV 688, 2023 WL 406054, at *4 (N.D. Ohio Jan. 25, 2023) (citations omitted)).

Although no single factor is determinative, "a finding that there is simply no likelihood of success on the merits is usually fatal" to a plaintiff's request for injunctive relief.  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Transtar Indus., LLC v. Lester*, No. 1:19cv1230, 2019 WL 3458456, at *4 (N.D. Ohio July 31, 2019).  The party seeking an injunction must establish its case by clear and convincing evidence. *Invacare Corp. v. Nordquist*, No. 1:18-CV-62, 2018 WL 2454523, at *3 (N.D. Ohio June 1, 2018); *Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331, 1998, WL 152951, at *3 (6th Cir. 1998).

V.    **ANALYSIS**

A.    **Likelihood of Success on the Merits**

Plaintiff argues that the Act, as applied to him, violates the United States Constitution in a number of ways.  Because the relevant analysis differs somewhat for each of Plaintiff's arguments, the Court will analyze them each in turn.

1.    *Ex Post Facto* Clause

Plaintiff first argues that the Act, as applied to him, violates the *ex post facto* clause of the U.S. Constitution, which provides that "[n]o state shall . . . pass any . . . ex post facto Law."  U.S. Const. art. I § 10, cl. 1.  "To fall within the *ex post facto* prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment

4

for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citations and quotations omitted).

Plaintiff bases his *ex post facto* argument on changes to the Act that were enacted through passage of the Adam Walsh Act ("AWA") on June 30, 2007.  The AWA implemented the tiered offender system, pursuant to which Plaintiff is classified as a Tier II sex offender.  *See Doe v. Dann*, No. 1:08 CV 220, 2008 WL 2390778, at *3 (N.D. Ohio June 9, 2008).  As federal courts and the Ohio Supreme Court have recognized, the AWA imposed tougher requirements on registered sex offenders.  *Id.* at *2–3 (describing changes enacted by AWA, including registration requirements, expanded residency restrictions, and increased penalties for failure to register or to verify address).

Regardless of whether those changes could theoretically support an *ex post facto* argument, however, the clause is inapplicable here.  As Plaintiff acknowledges, he was sentenced in 2013, long after the AWA was enacted.  Plaintiff has not established that the AWA, with respect to him, "appl[ies] to events occurring before its enactment." *Lynce*, 519 U.S. at 441. Thus, the AWA was not "retrospective" as to Plaintiff and does not "fall within the *ex post facto* prohibition." *Id*. Accordingly, Plaintiff has no likelihood of success with respect to his argument under the *ex post facto* clause.

### 2.  *Procedural and Substantive Due Process*

Plaintiff next argues that the Act violates the due process clause of the Fourteenth Amendment, which provides, in relevant part, that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.

"The Due Process Clause contains both a procedural and a substantive component." *Doe v. DeWine*, 910 F.3d 842, 851 (6th Cir. 2018).  In *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003), the Supreme Court held that Connecticut's sex offender registry statute did not violate a registrant's procedural due process rights where the law requires an offender to register solely

based on the fact of his or her conviction, rather than any individualized determination of future dangerousness. *Id*. at 7.  The Sixth Circuit has since held that "[p]rocedural due process challenges to state sex offender registry statutes that mandate the registration of all convicted sex offenders have been foreclosed" by *Connecticut Department of Public Safety*.  *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 502 (6th Cir. 2007).  Because the Act "does not base an offender's tier classification determination on current dangerousness," *Doe v. Dann*, No. 1:08 CV 220, 2008 WL 2390778, at *7 (N.D. Ohio June 9, 2008), Plaintiff has no likelihood of succeeding on his procedural due process claim.

To the extent Plaintiff is asserting a substantive due process claim, he likewise has no chance of success.  "The substantive component of the Due Process Clause protects 'fundamental rights that are so implicit in the concept of ordered liberty that neither liberty nor justice would exist if they were sacrificed.'"  *Mich. Dep't of State Police*, 490 F.3d at 499 (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)).  "The Supreme Court has cautioned, however, that it has 'always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.'"  *Id*. at 500 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)).

Plaintiff has not identified a right that is implicit in the concept of ordered liberty that is violated by the Act.  Indeed, "circuit courts [that] have considered substantive due process arguments against the registration requirement of sex-offender registries . . . ha[ve] found that the registry laws are constitutional."  *Id.* (citing cases).  The Sixth Circuit in *Michigan Department of State Police* also "join[ed] our sister circuits in concluding that the right asserted here is not a fundamental right deeply rooted in our Nation's history."  *Id*.; *see also Bruggeman v. Taft*, 27 F. App'x 456, 458 (6th Cir. 2001) ("[T]here is no liberty interest in being free from having to register

6

as a sex offender or from public disclosure of registry information.").  Plaintiff therefore has no likelihood of success on his substantive due process claim as well.

### 3. *Eighth Amendment Prohibition on Cruel and Unusual Punishment*

Plaintiff next argues that the Act violates the Eighth Amendment to the U.S. Constitution, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  The Eighth Amendment is applicable to the states through the Fourteenth Amendment.  *Roper v. Simmons*, 543 U.S. 551, 560 (2005).  It "guarantees individuals the right not to be subjected to excessive sanctions."  *Id.* (citing *Atkins v. Virginia*, 536 U.S. 304, 311 (2002)).  That right "flows from the basic 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'"  *Id.* (quoting *Atkins*, 536 U.S. at 560); *Graham v. Florida*, 560 U.S. 48, 59 (2010) ("The concept of proportionality is central to the Eighth Amendment.").

Plaintiff argues that the 25-year registration requirement of O.R.C. § 2950.06(B)(2) is cruel and unusual as applied to him because it is "disproportionate to a non-contact offense."  (ECF No. 1, PageID #4).  It is true that the Ohio Supreme Court has held that the Act, as amended by the AWA, is punitive rather than remedial.  *State v. Williams*, 952 N.E. 2d 1108, 1112 (Ohio 2011) ("Following the enactment of S.B. 10, all doubt has been removed: R.C. Chapter 2950 is punitive."); *see Does #1-5 v. Snyder*, 834 F.3d 696, 705–06 (6th Cir. 2016) (holding that Michigan sex offender registry act constitutes punishment and violates the *ex post facto* clause with respect to offenders who were sentenced prior to its enactment).

Yet Plaintiff must show not only that the statute is punitive, but that it is *unconstitutionally* so as applied to him: an individual convicted of disseminating child pornography after the AWA and its more stringent requirements went into effect.  Given the stringent standards that apply to Eighth Amendment claims, Plaintiff has not shown a likelihood of success on his argument that

the 25-year registration requirement is unconstitutional as applied to him. *See, e.g.*, *Kitterman v. City of Belleville*, 66 F.4th 1084, 1092 (7th Cir. 2023) ("Kitterman may feel frustrated by the imposition of a lifetime sex-offender registration duty triggered by a felony that had no sexual component. But that is what SORA mandates, and Kitterman has not offered any reason why (assuming it is punitive) it falls outside the wide boundaries of the Eighth Amendment."); *United States v. Juvenile Male*, 670 F.3d 999, 1010 (9th Cir. 2012) (holding that plaintiffs did not meet "high" burden of showing that lifetime registration under SORNA violated Eighth Amendment's prohibition on cruel and unusual punishment).

### 4. Right to Privacy

Plaintiff also argues that the Act violates his right to privacy and unconstitutionally compels his speech.   Plaintiff is again highly unlikely to succeed on this argument, as "[t]he Constitution . . . does not encompass a general right to nondisclosure of private information." *Willman v. Attorney Gen. of the United States*, 972 F.3d 819, 825 (6th Cir. 2020) (quoting *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981)).  Accordingly, the Sixth Circuit has rejected the argument that sex offender registry statutes violate offenders' right to privacy.  *See id.* (holding that SORNA does not violate First Amendment).

### 5. Equal Protection

Plaintiff further argues that the Act violates the equal protection clause of the Fourteenth Amendment, which provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1. The equal protection clause requires that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

"Unless the legislation classification under attack involves a suspect class, the classification need only be rationally related to a legitimate government goal to survive

constitutional challenge." *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999).  However, "[c]onvicted sex offenders are not a suspect class."  *Id*.  Similarly, while Plaintiff attempts to draw a distinction between "emailing" and "physical-contact crimes," (ECF No. 1, PageID #5), sex offenders who do not engage in physical conduct are also not a protected class.  Thus, the statute "is subject to scrutiny under the rational basis test."  *Cutshall*, 193 F.3d at 482.  Applying rational basis review, the Court cannot say that Ohio's decision to classify offenders who disseminate child pornography as Tier II sex offenders is irrational.  Plaintiff has little likelihood of success on his equal protection claim.  *See Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 505 (6th Cir. 2007) (holding that Michigan sex offender registry statute did not violate equal protection clause).

### 6.  *Overbreadth and Vagueness*

Finally, Plaintiff argues that the Act is unconstitutional because it is both overbroad and vague.  He argues that it is unconstitutionally overbroad because it groups his "non-contact offense" with other "violent, physical-contact crimes . . . ." (ECF No. 1, PageID #3).  He also argues that it is void for vagueness because an offender could not "foresee that a non-contact emailing offense would result in burdens equivalent to those for violent predators[.]"  *Id*. at PageID #5).

Plaintiff is highly unlikely to succeed on either argument.  With respect to overbreadth, "if a challenged 'law does not reach a substantial amount of constitutionally protected conduct, then the overbreadth challenge must fail.'"  *Willman v. Attorney Gen. of the United States*, 972 F.3d 819, 826 (6th Cir. 2020) (quoting *Speet v. Schuette*, 726 F.3d 867, 873 (6th Cir. 2013)).  While Plaintiff complains that the Act groups his offenses in with violent crimes, he does not argue that the statute criminalizes a substantial amount of constitutionally protected conduct.

Plaintiff fares no better on his void-for-vagueness argument.  "To establish that a statute is unconstitutionally vague, a plaintiff must show that the statute 'fails to provide a person of ordinary

intelligence fair notice of what is prohibited, or is so standardless that it authorizes discriminatory enforcement.'"  *Willman*, 972 F.3d at 827 (quoting *United States v. Paull*, 551 F.3d 516, 525 (6th Cir. 2009)).   Here, O.R.C.  § 2950.01(F) expressly provides that individuals convicted of disseminating child pornography must register as Tier II sex offenders, and thus puts a person of ordinary intelligence on notice of the registration requirement. Plaintiff thus has no chance of success on his void for vagueness argument.

In sum, while Plaintiff argues that the Act is unconstitutional as applied to him for a number of reasons, the record demonstrates that Plaintiff is highly unlikely to succeed on any of his arguments.  The absence of any meaningful likelihood of success is fatal to Plaintiff's motion for a temporary restraining order.  *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000); *Gauck v. Karamian*, 895 F. Supp. 2d 495, 503 (W.D. Tenn. 2011) (holding that absence of likelihood of success on the merits was "dispositive" of plaintiff's motion for preliminary injunction).

### B.  **Other Factors**

While Plaintiff's limited likelihood of success is sufficient to justify denying his motion for a temporary restraining order, the Court also finds that the remaining factors do not favor Plaintiff.  The Court agrees with Plaintiff that his potential eviction from his residence can constitute an irreparable injury.  *See Knight v. Allen-Sabo*, No. 08-14690, 2008 WL 11355057, at *3 (E.D. Mich. Dec. 15, 2008) ("facing the threat of eviction is irreparable harm that cannot be remedied by monetary damages"), *report and recommendation adopted*, 2009 WL 2602627 (E.D. Mich. Aug. 18, 2009).  But it would harm both Defendant and the public interest to exempt Plaintiff from the Act's requirements because the sex offender registry serves important public policy interests. *Ohio v. Williams*, 868 N.E.2d 969 (Ohio 2007) ("protection of the public is the avowed goal of R.C. Chapter 2950").  Given the interests of Defendant and the public, and considering

10

Plaintiff's extremely low likelihood of success on the merits, the irreparable harm he may suffer in the absence of a temporary restraining order is insufficient to outweigh the other factors.

**VI.     CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for a temporary restraining order.

Dated: July 1, 2025

_____
CHARLES ESQUE FLEMING
U.S. District Judge