**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID YOST, IN HIS OFFICIAL CAPACITY AS OHIO ATTORNEY GENERAL,<br><br>Defendant, | ) | CASE NO. 1:25-CV-1296<br><br>U.S. DISTRICT JUDGE CHARLES E. FLEMING<br><br>U.S. MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff John Doe ("Plaintiff") filed his Complaint against David Yost, in his official capacity as the Ohio Attorney General ("Defendant"), challenging the constitutionality of Ohio's sex offender registry statute, O.R.C. § 2950.01, *et seq*., (the "Act"), as applied to him. (ECF No. 1). Currently before me are (1) Plaintiff's motion for leave to proceed under a pseudonym (ECF No. 2); and (2) Plaintiff's motion for leave to file under seal his declaration in support of his motion for injunctive relief (ECF No. 4). For the reasons set forth below, Plaintiff's motions are DENIED.

## II. BACKGROUND

In 2013, Plaintiff was convicted of distributing child pornography in violation of 18 U.S.C. § 2252 and received a 10-year prison sentence. (ECF No. 1). Upon his release, Plaintiff was required to register as a Tier II sex offender under the Act. *See* O.R.C. § 2950.01(F). As a Tier II sex offender, Plaintiff is required to verify his residence and place of employment every 180 days for 25 years, among other restrictions. O.R.C. § 2950.06(B)(2).

On June 23, 2025, Plaintiff, acting *pro se*, filed a petition for declaratory and injunctive

relief, alleging that the Act, as applied to him, is unconstitutional in a number of ways. (ECF No. 1). Plaintiff also asserted in this filing that he is currently facing eviction proceedings solely due to his status as a registered sex offender under the Act.

Also on June 23, 2025, Plaintiff filed his motion to proceed under a pseudonym, arguing that the Court should allow him to litigate this case as a John Doe plaintiff because of the stigma associated with registered sex offenders and the risk that individuals will harm, harass, or retaliate against him if his identity is made public. (ECF No. 2). Plaintiff also filed a motion to seal his declaration in support of his motion for a temporary restraining order and preliminary injunction, arguing that the declaration contains highly sensitive personal information regarding his life, conviction, employment, and housing situation. (ECF No. 4).[1]

## III. ANALYSIS

### A. Motion to Proceed Under a Pseudonym

"It is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Id.*; *see also Strike 3 Holdings, LLC v. Doe*, No. 1:23-cv-1691, 2023 WL 7704881, at *1 (N.D. Ohio Nov. 15, 2023) (noting that a party may proceed under a pseudonym "only in an exceptional case"). "The decision whether to issue a protective order in these situations is committed to a district court's discretion." *Strike 3 Holdings*, 2023 WL 7704881, at *1.

Courts in the Sixth Circuit generally consider four factors in deciding whether to permit a party to proceed pseudonymously: "(1) whether the plaintiffs seeking anonymity are suing to

[1] On July 1, 2025, the Court denied Plaintiff's motion for a temporary restraining order. (ECF No. 8).

challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quotations omitted). "Courts also may consider other factors, such as whether the plaintiff would risk harm if identified and whether allowing the plaintiff to proceed anonymously would prejudice any other parties by forcing them 'to proceed with insufficient information to present their arguments. . . ." *Doe v. Lee*, No. 3:22-cv-00569, 2023 WL 2587790, at *2 (M.D. Tenn. Mar. 21, 2023) (quoting *Citizens for a Strong Ohio*, 123 F. App'x at 636).

The first *Porter* factor weighs in favor of Plaintiff here because he is challenging the Act's constitutionality. "However, 'only in a very few cases challenging governmental activity can anonymity be justified' . . . and plaintiffs challenging governmental activity are regularly required to proceed under their own names." *Lee*, 2023 WL 2587790, at *3 (quoting *Eriksen v. United States*, No. 16-cv-13038, 2017 WL 264499, at *2 (E.D. Mich. Jan. 20, 2017)) (cleaned up). Thus, the fact that Plaintiff is challenging the constitutionality of the Act is not, standing alone, enough to permit him to proceed under a pseudonym.

The other *Porter* factors do not weigh in Plaintiff's favor. The third and fourth factors are inapplicable, as Plaintiff is not a minor and has not expressed any intent to violate the law. With respect to the second factor, Plaintiff argues that the suit will require him to disclose intimate information, including his past criminal conviction. However, while "[r]evealing the fact of a prior conviction may weigh in favor of anonymity when, for example, the conviction has been expunged," Plaintiff's conviction is "public record and ha[s] been included in [Ohio's] sex offender registry" since he was required to register. *Lee*, 2023 WL 2587790, at *3. Accordingly, I

do not agree that the suit requires him to disclose information of the "utmost intimacy."

Plaintiff also argues that he is at risk of retaliation and harassment. However, "courts have found general allegations of risk inadequate to justify anonymity and require a plaintiff to show a specific risk of personal harm." *Lee*, 2023 WL 2587790, at *4 (citing cases); *see also Doe v. Lee*, 599 F. Supp. 3d 701, 704-05 (M.D. Tenn. 2022) ("[a]lthough Mr. Doe is concerned that this lawsuit might receive press attention that might expose him to harm from members of the public, such concerns appear to be speculative"). Similarly, "'courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under pseudonym.'" *Lee*, 2023 WL 2587790, at *5 (quoting *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021)). While Plaintiff is currently in state court eviction proceedings, allegedly as a result of his presence on the sex offender registry, the eviction action predated this suit, and plaintiff has not identified any other specific risk of harm that he is likely to experience if he litigates this case under his real name.

Thus, while the first *Porter* factor favors Plaintiff, the remaining factors and other non-*Porter* considerations do not weigh in Plaintiff's favor. Plaintiff's motion to proceed under a pseudonym is therefore denied. *See Lee*, 2023 WL 2587790, at *5 (denying plaintiff's motion to proceed under pseudonym in suit challenging constitutionality of sex offender registry statute because application of *Porter* factors did not weigh in plaintiff's favor and plaintiff did not overcome presumption of open proceedings); *Lee*, 599 F. Supp. 3d at 705 (holding that *Porter* factors weighed against use of pseudonym in case challenging Tennessee sex offender laws because information regarding plaintiff's offense was matter of public record).

**B. <u>Motion to Seal</u>**

Plaintiff also moves to seal his declaration in support of his motion for a temporary

restraining order and preliminary injunction, in which he discloses: (1) his current employment status; (2) his housing situation; and (3) the details of the eviction case currently pending against him in Ohio state court. (ECF No. 3-1). Plaintiff argues that this information is highly personal and sensitive and that he will be harmed if it is not sealed from the public.

"The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "The courts have long recognized, therefore, a 'strong presumption in openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1179). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id*. (quoting *In re Knoxville News-Sentinel Co*., 723 F.2d 470, 476 (6th Cir. 1983)). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*.

Plaintiff has not shown that general references to his employment status and housing situation meet the stringent standards for sealing under Sixth Circuit precedent. Moreover, while Plaintiff argues that sealing is warranted in light of his eviction proceeding in Ohio state court, that proceeding is already a matter of public record. Nor is sealing warranted because Plaintiff is a registered sex offender. To the contrary, courts in this circuit have rejected requests to seal court documents on the basis that they contain information identifying a registered sex offender. *See Lee*, 2023 WL 2587790, at *5-6 (holding that presumption in favor of openness required denial of motion to seal documents containing identifying information in suit challenging Tennessee sex offender registry statute); *Lee*, 599 F. Supp. 3d 701, 706 (M.D. Tenn. 2022) ("The information that Mr. Doe seeks to have sealed (his true name) does not fall into one of the categories established

by the Court of Appeals for the Sixth Circuit in setting forth its standard for the sealing of documents."). Plaintiff's motion to seal is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed under a pseudonym (ECF No. 2) and his motion to seal his declaration in support of his motion for a temporary restraining order and preliminary injunction (ECF No. 4) are DENIED. Plaintiff is hereby ordered to file an amended complaint identifying himself by his legal name within 14 days of the date hereof. Upon Plaintiff's filing of an amended complaint, the Clerk of Court is directed to update the case caption accordingly.

**IT IS SO ORDERED.**

Dated: July 9, 2025

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge